UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Ravinder Mehra,
Manju Mehra,
Rohan Mehra,      **ANSWER**
Rahoul Mehra,
Kusum A. Zaveri f/b/o Dylan R. Reece
                Declan Rowan Reece,
  and
Lisa M. Martin,
                Plaintiffs,

vs.       Civ. No. 07 CV 356 A(F)

James Tetrault,
Ocean Trading Partners, LLC, and
Interim Capital, LLC,
                Defendants.

---

       Defendants James Tetrault, Ocean Trading Partners, LLC and Interim Capital, LLC, by their attorneys Zdarsky, Sawicki & Agostinelli LLP, in answer to plaintiffs' complaint, allege with respect to the paragraphs of plaintiffs' complaint as follows:

       1.    Admit the allegations of paragraphs 10, 11, 14, 19, 23, 24, 25, 35, 38, 39, 41, 48, 53, 55 and 88.

       2.    Deny the allegations of paragraphs 12, 13, 15, 16, 21, 31, 32, 44, 45, 47, 49, 50, 56, 57, 58, 59, 65, 66, 67, 68, 69, 71, 72, 73, 74, 75, 77, 78, 79, 81, 82, 84, 85, 87, 89, 90 and 92.

       3.    Deny sufficient information upon which to form a belief and therefore deny the allegations of paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 30, 33, 36, 43, 51, 52, 54, 62 and 63.

       4.    With respect to paragraphs 17 and 18, defendants deny the allegations of

2

these paragraphs insofar as they imply that defendants are in violation of the laws or have liability for the causes of action referred to in those paragraphs.

5. With respect to paragraph 20, defendants deny that Tetrault had been in business in Western New York for more than 15 years and deny making such representation to any of the defendants.

6. With respect to paragraph 22, defendants deny any understanding of the term "fully licensed," and further deny the remaining allegations of that paragraph.

7. With respect to paragraph 26, defendants deny making the representations referred to therein to each of the plaintiffs.

8. With respect to paragraph 27, defendants deny that Tetrault acted as an advisor or broker with respect to any of the plaintiffs, and deny the remaining allegations of that paragraph.

9. With respect to paragraph 28, defendants deny that FiServ ever acted as Tetrault's agent and further deny sufficient information upon which to form a belief, and therefore deny, the remaining allegations of that paragraph.

10. With respect to paragraph 29, deny that any losses of plaintiffs are accurately summarized in the paragraphs that follow.

11. With respect to paragraph 34, deny that any representations or solicitations were made to Manju Mehra and admit the remaining allegations of that paragraph.

12. With respect to paragraph 37, deny that any representations, written or oral, were made to Rohan Mehra, and admit the remaining allegations of that paragraph.

13. With respect to paragraph 40, deny that any representations were made

3

to Rahoul Mehra, and admit the remaining allegations of that paragraph.

14. With respect to paragraph 42, deny that any written solicitations were made to Rahoul Mehra, and further deny that FiServ acted at any time as the agent of Tetrault and admit the remaining allegations of that paragraph.

15. With respect to paragraph 46, deny that Ravinder Mehra deposited $200,000, and admit the remaining allegations of that paragraph.

16. With respect to paragraph 60, admit that Tetrault executed a certain plea agreement and respectfully refer the court to the terms and conditions thereof, and deny the remaining allegations of that paragraph.

17. With respect to paragraph 61, deny that plaintiffs have accurately characterized the admissions that defendant Tetrault made in paragraph 6 of the aforesaid plea agreement and respectfully refer the court to the plea agreement for the terms and conditions thereof.

### AS A FIRST AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

18. To the extent that each individual plaintiffs' claim is less than $75,000, this court does not have jurisdiction based upon diversity of citizenship as alleged in paragraph 16 of the complaint.

### AS A SECOND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

19. Ravinder Mehra, Rahoul Mehra and Lisa M. Martin, the so-called "retirement plaintiffs," have no standing or capacity to bring claims based upon funds held by

4

FiServ as custodian, such cause of action, if any, belonging to FiServ and not the retirement plaintiffs.

### AS A THIRD AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

20. The damages to be awarded to plaintiffs, if any, upon each of their first five claims set forth in the complaint are limited to the amounts deposited by plaintiffs with defendants, together with appropriate interest.

WHEREFORE, defendants demand judgment dismissing plaintiffs' complaint, together with the costs and disbursements of this action.

Respectfully submitted,

Dated: July 3, 2007
Buffalo, NY

ZDARSKY, SAWICKI & AGOSTINELLI LLP

By: s/K. Michael Sawicki
K. Michael Sawicki
Attorneys for Defendants
404 Cathedral Place
298 Main Street
Buffalo, New York 14202
Tel: (716) 855-3200

TO: Frank A. Aloi, Esq.
Attorney for Plaintiffs
980 Westfall Road, Suite 127
Rochester, New York 14618