UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAVINDER MEHRA, MANJU MEHRA,
ROHAN MEHRA, RAHOUL MEHRA,
KUSUM A. ZAVERI F/B/O DYLAN R. REECE,
DECLAN ROWAN REECE, and LISA MARTIN,

     Plaintiffs,

v.

JAMES TETRAULT,
OCEAN TRADING PARTNERS, LLC, and
INTERIM CAPITAL, LLC,

     Defendants.

**REPORT AND RECOMMENDATION**

07-CV-356(A)(M)

---

This case was referred to me by Hon. Richard J. Arcara to conduct "all pre-trial matters", including to "hear and report upon dispositive motions" (Dkt. #6). Before me is plaintiffs' motion for summary judgment (Dkt. #13). For the following reasons, I recommend that plaintiffs' motion be GRANTED in part and DENIED in part.

## BACKGROUND

The material facts of this case are essentially undisputed. Plaintiffs, a group of individual investors, commenced this action seeking to recover funds which they had invested with defendants Ocean Trading Partners, LLC and Interim Capital, LLC, which were operated by defendant Tetrault (Dkt. #1). Beginning in 2003, defendant Tetrault held himself out to plaintiffs as an experienced investment manager and retirement account specialist, and began to solicit investment funds from them (Dkt. #13, Plaintiffs' Statement of Undisputed Facts, ¶¶4, 6-7). Plaintiffs allege that they relied on defendant Tetrault's representations and invested substantial

amounts of money with defendants (Dkt. #1, ¶¶27-28). Defendant Tetrault provided quarterly account statements to each plaintiff which falsely indicated that their investments were earning a profit, when in fact they were not (Dkt. #21, ¶5). Unbeknownst to plaintiffs, defendant Tetrault was using their investments to cover losses on prior bad investments (Id., ¶ 6).

On October 27, 2006 the FBI seized over $500,000 from defendants' bank accounts (Dkt. #13, Plaintiffs' Statement of Undisputed Facts, ¶ 22; Dkt. #21, ¶ 8). On April 10, 2007 Tetrault pled guilty to one count of mail fraud in violation of 18 U.S.C. §1341 (United States v. Tetrault, 7-CR-85(S), Dkt. #4), and is currently awaiting sentencing (Dkt. #13, Plaintiffs' Statement of Undisputed Facts, ¶¶ 23, 24; Dkt. #21, ¶7).

Defendants concede that "plaintiffs are entitled to a judgment in their favor on this motion", Affidavit of James Tetrault (Dkt. #21), ¶2, and that they are entitled to their out-of-pocket damages, less any amounts received by them from funds seized by the FBI. Id., ¶14.

## DISCUSSION AND ANALYSIS

### A. Summary Judgment Standard

"Summary judgment is a drastic procedural weapon." Garza v. Marine Transport Lines, Inc., 861 F. 2d 23, 26 (2d Cir. 1988). It is warranted "only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences

in favor of, the non-movant. Summary judgment is improper if there is any evidence in the record that could reasonably support the jury's verdict for the non-moving party." Ford v. Reynolds, 316 F. 3d 351, 354 (2d Cir. 2003).

However, while the moving party must demonstrate the absence of any genuine factual dispute, the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . The nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

### B.     The Amount of Out-of-Pocket Losses

Although the parties agree that plaintiffs are entitled to recover their out-of-pocket losses, they dispute the amount of out-of-pocket losses incurred. Plaintiffs allege that they invested and lost the following amounts: (1) Ravinder Mehra - $247,500; (2) Manju Mehra - $75,000; (3) Rohan Mehra - $35,000 (4) Rahoul Mehra - $151,052.66; (5) Lisa Martin - $100,672.04; (6) Kusum A. Zaveri f/b/o Dylan R. Reece - $62,000; (7) Kusum A. Zaveri f/b/o Declan Reece - $22,000 (Dkt. #13, Plaintiffs' Statement of Undisputed Facts, ¶¶ 9, 10, 12, 13, 15-17, 19, 26, 29-31, 33, 36).

#### 1.     Undisputed Amounts

Defendants concede that plaintiffs Manju Mehra, Rohan Mehra, Rahoul Mehra, Lisa Martin, and Kusum A. Zaveri f/b/o Declan Reece invested and lost the above amounts (Dkt. #22, p. 2). Defendants also concede that Ravinder Mehra invested and lost $227,500 and that

Kusum A. Zaveri f/b/o Dylan Reece invested and lost $51,000 (Id.). While defendants consent to a judgment being entered against them for these amount (plus appropriate interest), they argue that the judgment should be offset by any amounts that are returned to plaintiffs from defendants' seized bank accounts (Dkt. #21, ¶14). Plaintiffs fail to respond to this argument. Accordingly, I recommend that summary judgment be entered in favor of plaintiffs in the following amounts, plus interest from the dates of their investments:

| | |
|---|---|
| Ravinder Mehra | $227,500.00 |
| Manju Mehra | $ 75,000.00 |
| Rohan Mehra | $ 35,000.00 |
| Rahoul Mehra | $151,052.66 |
| Lisa Martin | $100,672.04 |
| Kasum A. Zaveri (f/b/o Dylan R. Reece) | $ 51,000.00 |
| Kasum A. Zaveri (f/b/o Declan Rowan Reece) | $ 22,000.00 |

To the extent that plaintiffs recover any amounts from defendants' seized bank accounts, these sums will offset against the judgments.

2. **Amounts in dispute**

Defendants disagree with the remaining amounts that were invested and lost by plaintiffs Ravinder Mehra and Kusum A. Zaveri f/b/o Dylan Reece. Defendants allege that while plaintiff Ravinder Mehra initially invested $247,500, defendant Tetrault returned $20,000 to him via bank wire in 2005, and that he consequently lost only $227,500 (Dkt. #21, ¶12). Plaintiffs concede that $20,000 was returned to Ravinder Mehra, but allege that this money was returned

not to offset the principal investment, but to repay Ravinder Mehra for losses suffered when defendant Tetrault liquidated his IRA portfolio prematurely (Dkt. #25, Declaration of Ravinder Mehra, ¶2).

Defendants also allege that Kusum Zaveri f/b/o Dylan Reece invested $51,000, rather than $62,000 (Dkt. #21, ¶13). However, plaintiffs do not respond to this allegation in their reply. Accordingly, I recommend that summary judgment be denied as to the additional $31,000 in alleged out-of-pocket damages sought by plaintiffs Ravinder Mehra and Kusum Zaveri f/b/o Dylan Reece.

### C.    "Benefit of the Bargain" Damages

Plaintiffs argue that they are "entitled to Summary Judgment against defendant [sic] for the amount stated in defendants' account statements for each of them, as of September of '06. Plaintiffs could have invested their money elsewhere in a stock market that was rising steadily over the periods in issue, but because of defendant Tetrault's continued misrepresentations, they placed their trust in him, and did not move their money". Plaintiffs' Memorandum of Law (Dkt. #13), p. 88. However, plaintiffs failed to cite any legal authority supporting this proposition until their Reply Memorandum (Dkt. #25), and it is well settled that parties may not raise new arguments in their reply briefs. Duryea v. County of Livingston, 2007 WL 1232228, *6 n. 3 (W.D.N.Y. 2007) (Telesca, J.).

Defendants argue that plaintiffs are only entitled to their out-of-pocket damages. Defendants' Memorandum (Dkt. #22), pp. 2-3. In a fraud case, the normal rule is that "damages are to be calculated to compensate plaintiffs for what they lost because of the fraud, not to

compensate them for what they might have gained". Lama Holding Co. v. Smith Barney Inc., 88 N.Y. 2d 413, 421 (1996). Thus, "under New York law [plaintiffs are] confined to recovering the actual pecuniary loss sustained as a result of the defendants' fraudulent misrepresentations". Spencer Trask Software and Information Services LLC v. Rpost International Limited, 383 F. Supp. 2d 428, 457 (S.D.N.Y. 2003) (citing cases).

"In the rare case, fraud damages based on the relinquishment of an alternative bargain have been recognized, but only because the fraud caused the plaintiff to give up some quantifiable, concrete alternative opportunity." Spithogianis v. Haj-Darwish, 2008 WL 82188, *7 (S.D.N.Y. 2008); In re MarketXT Holdings Corp., 2006 WL 2864963, *21 (Bkrtcy. S.D.N.Y 2006) (noting that the out-of-pocket damages rule in fraud cases "is tempered by the conclusions of several courts . . . that the rule comes into play only when the existence of the alternative contractual bargain is undeterminable and speculative").

Plaintiffs' reliance upon the account statements which they received from defendants as the basis for their damage claim is misplaced. As defendants point out, those statements "were false and inaccurate and were prepared based upon an investment model which Tetrault had not implemented". Defendants' Memorandum (Dkt. #22), p. 2. Therefore, those statements are not an accurate barometer of the amounts which plaintiffs could have earned.

Even if I were to assume that plaintiffs are entitled to "benefit of the bargain" damages, they have failed to submit proper evidence of a "quantifiable, concrete alternative opportunity" of which they were deprived. Spithogianis, supra. Instead, plaintiffs merely allege that they "had other investment options for their funds in what was a consistently rising stock

market . . . that conservatively could have returned to them earnings at least in the 12 to 15% range". Plaintiffs' Reply Memorandum (Dkt. #25), p. 3.

That conclusory and speculative statement is insufficient to entitle plaintiffs to summary judgment on their claim for "benefit of the bargain" damages, even if they would otherwise be entitled to that measure of damages. Accordingly, I recommend that this portion of plaintiffs' motion be denied, without prejudice to their right to seek these damages at trial, if they can establish a proper legal and factual basis therefor.

**D.   Attorneys' Fees**

Plaintiffs move for an award of attorneys' fees (1) pursuant to Fed. R. Civ. P. ("Rule") 56(g), due to defendants' alleged "bad faith in defending this motion"; (2) pursuant to Rule 11, due to "the frivolous nature of the defense to this action"; and (3) pursuant to Rule 37(d), due to "defendants' failure to answer discovery/demands, and appear for depositions". Plaintiffs' Reply Memorandum (Dkt. #25), p. 6; Plaintiffs' Memorandum of Law (Dkt. #13), pp. 88-89. Defendants argue that the plaintiffs are not entitled to attorneys' fees because their "complaint did not contain a demand for attorneys fees, nor did the declarations of the individual plaintiffs". Defendants' Memorandum (Dkt. #22), p. 3.

Although "Rule 9(g) . . . requires that special damages including attorneys' fees, be pleaded specifically", U.S. for Harbor Clean Corp. v. M. Zanis Contracting Corp., 1996 WL 560300, *2 (E.D.N.Y. 1996), plaintiffs are not seeking attorneys' fees as a prevailing party, but rather as a sanction for defendants' conduct in defending the action. See e.g., Fabry's S.R.L. v.

IFT International, Inc., 2003 WL 21203405, *6 (S.D.N.Y. 2003) ("a Rule 11 sanction is not a judgment on the merits of an action").

Nevertheless, I recommend that plaintiffs' requests for attorneys' fees be denied. To the extent that their request is based upon Rule 11, plaintiffs have failed to comply with the requirements of Rule 11(c)(2) by bringing their motion "separately from any other motion" after giving defendants 21 days within which to correct their allegedly sanctionable conduct. To the extent that plaintiffs proceed under Rule 37, they have failed to identify defendants' alleged discovery failures with any specificity, or to certify that they have attempted to confer with defendants to resolve this dispute. See Rule 37(d)(1)(B) and Local Rule 37.

Finally, to the extent that plaintiffs rely upon Rule 56(g), I do not find any bad faith on the part of defendants in defending this motion which would warrant an award of attorneys fees as a sanction. Defendants conceded most of plaintiffs' claims, and had a reasonable basis for opposing those which they did not concede.

E.   **Punitive Damages**

Plaintiffs also seek summary judgment awarding them punitive damages (Dkt. #13, p. 19, ¶27). However, "it is well settled that the determination whether to award punitive damages lies in the discretion of the trier of facts. As such the court believes it more appropriate for the jury to determine whether to award punitive damages, and in what amount". Downing v. King, 2007 WL 419176, *3 (N.D.N.Y. 2007).[1]

---

[1] Because defendants did not cross-move to dismiss plaintiffs' punitive damages claim, I need not reach their argument that plaintiffs are not entitled to an award of punitive damages insofar as their fraud was not aimed at the public generally (Dkt. #22, Point III).

## CONCLUSION

For these reasons, I recommend that plaintiffs' motion for summary judgment (Dkt. #13) be GRANTED in part and DENIED in part as set forth herein. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a

<u>Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED**

DATED:     August 5, 2008

                                        /s/ Jeremiah J. McCarthy
                                        JEREMIAH J. MCCARTHY
                                        United States Magistrate Judge